SIDNEY, DEMANDANTE Y APELADO, *v.* SERRANO, DEMANDADO
Y APELANTE

APELACIÓN procedente de la Corte de Distrito de Ponce, en
pleito sobre desahucio en precario.

No. 2194.—Resuelto en junio 14, 1920.

DESAHUCIO—CONFLICTO DE TÍTULOS.—El desahucio no es el juicio apropiado para
dirimir conflictos de títulos a la propiedad de los inmuebles.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Brunet.*

Abogados del apelado: *Sres. López de Tord, y Zayas Pi-
zarro.*

EL JUEZ ASOCIADO ·SR. DEL TORO, emitió la opinión del
tribunal.

John Sidney Durkin, alegando ser dueño de una finca rús-
tica de quince cuerdas, situada en Barros, entabló demanda
de desahucio en precario contra Francisco Serrano. Este
contestó oponiéndose y alegando que posee la finca pero no
en precario, sino en concepto de dueño. Fué el pleito a jui-
cio. Se practicaron las pruebas de ambas partes y la corte
falló finalmente decretando el desahucio solicitado. El de-
mandado apeló entonces para ante este tribunal.

El demandante probó en el acto de la vista que había

comprado la finca a Aristela Rodríguez, en 1919. Dicha finca fué rematada para el pago de contribuciones, adquiriéndola El Puerto de Puerto Rico en 1910. El expediente se dirigió contra Ambrosio Rodríguez, padre de Aristela, y Aristela luego redimió la finca.

*Prima facie* el demandante demostró un título perfecto al dominio de la finca en cuestión. Pero el demandado presentó a su vez prueba tendente a demostrar que desde hacía más de treinta años poseía la finca en concepto de dueño. Surgió entonces un verdadero conflicto de títulos que no cabe resolver dentro de los trámites del juicio de desahucio, según la constante y repetida jurisprudencia de este tribunal.

Se sostiene que el propio Serrano trató de redimir la finca. Quizás esta circunstancia pueda apreciarse en contra suya, pero a nuestro juicio no le impide alegar su condición de dueño.

Sostiene la corte sentenciadora que mientras no se anule la venta hecha al demandante Durkin, éste tiene derecho al desahucio solicitado contra el demandado, y cita en apoyo de su criterio los casos de *León* v. *Alvarado,* 24 D. P. R. 700, y *Ortiz* v. *Aguayo,* 26 D. P. R. 735.

No estamos conformes. Los casos invocados son distintos. En el de León hubo un pleito previo entre las mismas partes, adjudicándose al demandante una casa propiedad del demandado. Subsiguientemente se estableció el desahucio para desalojar de la casa al demandado. El demandado alegó en el juicio de desahucio que había solicitado la nulidad del primitivo juicio y esta corte decidió que eso no era motivo para obstaculizar la marcha del desahucio, pues mientras la nulidad no se obtuviera, el demandante seguía siendo dueño y como tal tenía derecho a que el demandado desocupara la casa. En este caso que resolvemos no hubo juicio ordinario previo. Una persona que está en posesión de una finca y que sostiene y aporta evidencia tendente a probar que lo está en concepto de dueño, es demandada en desahucio. No importa que el demandante presente un título *prima facie* bueno.

También el demandado presenta otro título *prima facie* bueno. La cuestión es que surge un conflicto de títulos por vez primera ante la corte y que no es el pleito de desahucio el propio para dirimirlo.

Tampoco es aplicable el otro caso citado, o sea el de *Ortiz* v. *Aguayo, supra,* en el que en armonía con la otra decisión se establece la doctrina de que "el recurso extraordinario de *injunction* no es el adecuado para suspender el procedimiento de desahucio so pretexto de estar pendiente una acción que afecta a la validez del título del demandante en el desahucio."

Por las razones expuestas debe revocarse la sentencia apelada, y en su lugar dictarse otra desestimando la demanda, sin perjuicio de que la parte demandante ejercite el derecho de que se crea asistida en el pleito ordinario que corresponda.

> *Revocada la sentencia y desestimada la demanda sin perjuicio de que el demandante ejercite el derecho de que se crea asistido en el pleito ordinario que corresponda.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.